**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BRIAN BRIDGES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:05-cv-1294-SEB-VSS |
| | ) | |
| RON RICE, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Brian Bridges for a writ of habeas corpus challenging a prison disciplinary proceeding identified as No. NCF 05-05-0041 is denied and this action is dismissed with prejudice. This disposition is based on the following facts and circumstances:

1.  On May 23, 2005, Bridges was charged with refusing to participate in a work program assignment. The basis of this charge was that on that date Bridges was asked to participate in the program, but refused to do so.

2.  After being supplied with a copy of the charge and notified of his procedural rights in connection with the matter, Bridges was present at the hearing on the charge conducted on May 27, 2005. Bridges' statement was considered, as was the other evidence, and he was found guilty of refusing to participate in the work program assignment. He was sanctioned, his administrative appeal was rejected, and this action followed.

3.  A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

4.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Bridges was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

5.  Using the protections recognized in *Wolff* and *Hill* as an analytical template, Bridges received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Bridges was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. With respect to the sufficiency of the evidence, the conduct report and the report of investigation recited the facts which have already been summarized here. That information was sufficient. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented").

6.  Bridges' challenge to the disciplinary proceeding is that the conduct board imposed suspended sanctions from a previous case, but did not invoke suspended sanctions on Class C write-ups for other offenders. This claim does not provide a sound basis for an equal protection comparison or any other challenge, for inconsistency in the operation of a prison does not, in itself, constitute a denial of equal protection. *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982). Bridges' discontent does not supply a viable basis for an equal protection challenge. *Washington v. Davis,* 426 U.S. 229, 247-48 (1976) (to state a claim under the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff based upon his or her membership in a protected class); *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual."). Considering the prison environment, moreover, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted), the premise of Bridges' claim that he was similarly situated to other offenders in relation to the appropriateness of certain discipline at a certain point based on certain misconduct, is dubious in the extreme.

7.  "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Bridges to relief. His claim that he was denied the protections afforded by *Wolff* is either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 03/21/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana